Lowell David HOWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–345–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 17, 1986.

Clyde Williams, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Jo Robin Brown, Houston, for appellee.

Before DRAUGHN, ELLIS and JUNELL, JJ.

## OPINION

JUNELL, Justice.

Lowell David Howell appeals a conviction for aggravated sexual assault for which the jury set punishment at twenty-three years imprisonment. In two grounds of error appellant contends the trial court erred in denying his motion to suppress the illegal identification. We affirm.

Appellant was convicted of raping the complainant at gunpoint. Appellant entered the complainant's house early one morning while she was getting ready for work. Appellant had the lower part of his face covered with a towel when he accosted the complainant in her bedroom. Appellant blindfolded the complainant before assaulting her. He let the complainant remove the blindfold several times so she could tend to her baby. At one point the complainant saw the appellant's unmasked face reflected in her microwave oven. During and after the assault, the complainant's blindfold slipped and she was able to see appellant's face. The complainant also placed her hands on appellant's head and felt his hair texture and facial structure.

Three days after the rape the complainant's husband noticed a station wagon in his driveway. A man whose appearance matched the description the complainant had given of her attacker got out of the car, picked up a bag of trash, placed the bag in the car, and drove away. The complainant's husband followed the station wagon. When the driver realized he was being followed, he sped up and ran a red

light. The complainant's husband eventually caught up with the station wagon and got a clear look at the driver's face. When the driver leaned over to reach under his seat, the complainant's husband, fearing the driver was reaching for a gun, drove off.

On that same day a composite drawing of the rapist was made based on the complainant's description. The police traced the station wagon's license number and located appellant, who bore a strong resemblance to the composite picture. The officers also obtained a revolver when they located appellant.

At a photo spread on the day of appellant's arrest, the complainant identified appellant as her attacker. The complainant and her husband each independently picked appellant out of a lineup. At trial each made a positive in-court identification of appellant.

Appellant argues the trial court erred in overruling his motion to suppress the photo identification. He contends the photo spread was impermissibly suggestive because complainant had been influenced by her husband, because before they made the identification complainant and her husband were told that a suspect was in custody, and because the selection of photographs used in the photospread was itself suggestive.

■ We fail to find that the pretrial identification procedures were impermissibly suggestive. Neither the complainant nor her husband ever identified any other person prior to or in the lineup or photospread. The complainant and her husband positively identified appellant both in the photospread and in the lineup. The complainant and her husband made their identifications outside each other's presence. All persons in the photospread and the lineup were of similar appearance. Appellant did not object to the composition of the lineup when it occurred.

Both the complainant and her husband made in-court identifications. The complainant testified her in-court identification was based on the events on the day of the rape; the complainant's husband based his in-court identification on his pursuit of appellant three days after the rape. The complainant testified she saw appellant's face for several minutes during the attack as well as his reflection in the microwave. She gave a detailed description of her assailant immediately after the offense. This description and the composite drawing made from it closely resembled appellant. At no time did the complainant fail to identify appellant as her attacker. Her husband saw appellant clearly both from inside his house and from his car when he caught up with and pulled alongside appellant. Relying upon these facts, we find the trial court did not err in overruling the motion to suppress the photo identification. *See Jackson v. State*, 657 S.W.2d 123 (Tex. Crim.App.1983). Furthermore in view of the positive in-court identifications, any error in the admission of photo identifications was harmless.

■ In his second ground of error, appellant claims the evidence was insufficient to convict him without the pre-trial identifications. Both the complainant and her husband made in-court identifications. Even where the pre-trial identifications procedure is impermissibly suggestive, in-court testimony of an identification witness will still be admissible as long as the record clearly reveals the witness' prior observation of the accused was sufficient to serve as an independent origin for the in-court identification. *Jackson, supra* at 130. We find the out-of-court observations of the appellant by the complainant and her husband were sufficient to serve as an independent origin of their in-court identifications of the appellant. Appellant's second ground of error is overruled. We affirm the judgment.